UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WADE PASQUALE,<br>Plaintiff,<br>v.<br>OPTUM SERVICES, INC., et al.,<br>Defendants. | No. 2:26-cv-02331-CKD<br><br>ORDER |

Defendants Optum Services, Inc., Optum360 Services, Inc., and United HealthCare Services, Inc. ("defendants") removed this class action to this court from the Sacramento County Superior Court. (ECF No. 1.) Pursuant to the parties' consent, this case proceeds before the undersigned for all purposes, including trial and entry of judgment. (ECF No. 14.) Plaintiff's motion to remand is before the court. (ECF No. 12.) This matter is appropriate for decision without oral argument under Local Rule 230(g). Accordingly, the hearing set on this matter is vacated. For the reasons set forth below, the motion to remand is denied.

**I. Background**

Plaintiff Wade Pasquale filed this action in the Sacramento County Court on February 13, 2025. (ECF No. 3-1.) Plaintiff filed a first amended complaint (FAC) on April 22, 2025. (ECF No. 3-13.) Defendants filed their answer to the FAC in Sacramento County Superior Court on May 27, 2025. (ECF No. 3-15.) On March 13, 2026, the Sacramento County Superior Court

denied defendants' motion to compel arbitration. (ECF No. 3-35.) On March 23, 2026, the Sacramento County Superior Court denied defendants' motion to stay. (ECF No. 3-41.) Defendants filed the notice of removal on July 1, 2026, asserting original jurisdiction under the Class Action Fairness Act (CAFA) and 28 U.S.C. § 1332(d)(2). (Id. at 21-45.)

On July 31, 2026, plaintiff filed the motion to remand, challenging the notice of removal as untimely, procedurally defective for lack of summary judgment-type evidence, and arguing the timing of the notice of removal reflects forum shopping because defendants waited until after they received adverse rulings in state court to file the notice of removal. (ECF No. 12.) Defendants filed an opposition to the motion. (ECF No. 15.) Plaintiff filed a reply. (ECF No. 16.)

## II. Legal Standard

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Relevant here, CAFA permits removal "if there is minimal diversity between the parties (that is, at least one plaintiff is a citizen of a different State from at least one defendant), if the class contains at least 100 members, and ... if the amount in controversy exceeds $5 million." Perez v. Rose Hills Co., 131 F.4th 804, 807 (9th Cir. 2025) (citing 28 U.S.C. §§ 1332(d), 1453(b)).

Unlike in other contexts, "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81, 89 (2014). Nevertheless, "under CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 685 (9th Cir. 2006) (per curiam).

The removal statute provides two 30-day windows during which a case may be removed—during the first 30 days after the defendant receives the initial pleading or, if "the case stated by the initial pleading is not removable," during the first 30 days after the defendant receives a paper "from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(1), (3). Under this framework, defendants have "a fixed and adequate amount of time" to decide whether to remove. Anderson v. State Farm Mut. Auto.

Ins. Co., 917 F.3d 1126, 1129 (9th Cir. 2019). Additionally, specific to a CAFA action, a defendant may "remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines." Roth v. CHA Hollywood Med. Ctr., L.P., 720 F.3d 1121, 1125 (9th Cir. 2013). When the statutory periods have not been triggered, a "CAFA case may be removed at any time." Id. at 1126.

**III. Analysis**

Plaintiff argues the case stated by the initial pleading was removable because it affirmatively revealed sufficient information to put defendants on notice that the putative class is purported to be greater than 100 and that the amount in controversy is purported to be at least $5 million. (ECF No. 12 at 5.) Plaintiff argues defendants' calculations supporting the amount in controversy are "based on the complaint's allegations" and they fail to assert any later time at which they completed their investigation on the facts making the case removable. (Id. at 6-7; ECF No. 15 at 3-4.)

These arguments fail because "removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005). Plaintiff fails to show any pleading or other paper demonstrated on its face that the case was removable. The court rejects an argument that defendants were required to use its subjective knowledge or internal data to estimate the class size and make the calculations necessary to show removability at the earliest opportunity. See Harris, 425 F.3d at 694.

Here, the pleading itself did not provide the necessary information for defendants to determine that the $5 million threshold had been met. In particular, defendants used their own information to supply the number of employees as "at least 9,138" and "their average hourly rate of pay" at $31.43. (See ECF No. 1, ¶ 88.) Although defendants were required "to apply a reasonable amount of intelligence in ascertaining removability," including "[m]ultiplying figures clearly stated in a complaint," Kuxhausen v. BMW Fin. Servs. NA LLC, 707 F.3d 1136, 1140 (9th Cir. 2013), plaintiff's complaint lacked figures to calculate. Thus, the pleading itself was indeterminate with respect to removability and did not trigger the removal period. See, e.g., Foltz

v. GEICO Indem. Co., No. 1:21-CV-00131-DAD-SAB, 2021 WL 3701842, at *4 (E.D. Cal. Aug. 20, 2021) ("While the Ninth Circuit has held that a defendant has to multiply figures 'clearly stated' in a paper to determine removability, the… performance of this task by a party is required only if all of those such figures are actually provided in the paper."); see also Kuxhausen, 707 F.3d at 1140-41 (9th Cir. 2013) ("we don't charge defendants with notice of removability until they've received a paper that gives them enough information to remove" (quotation marks omitted))).

In Kuxhausen, as in this case, "whether a defendant can establish that federal jurisdiction exists and the question of when the thirty-day time period begins are not two sides of the same coin." 707 F.3d at 1141 n.3. Defendants were not required to supply their own data to file the notice of removal within 30 days. See also, e.g., Anderson v. Brooklinen, Inc., No. 25-CV-2446-RSH-KSC, 2025 WL 3724556, at *5 (S.D. Cal. Dec. 24, 2025) (holding that under Kuxhausen and Roth, "Defendant was not… required to consult its sales data and file its notice of removal within 30 days"); Louis v. Healthsource Glob. Staffing, Inc., No. 22-CV-02436-JD, 2022 WL 4866543, at *3 (N.D. Cal. Oct. 3, 2022) ("Neither the initial complaint nor the FAC affirmatively disclosed the potential size of the putative class or the amount in controversy, and plaintiffs do not point to any other pleading or document that would have triggered the question of removal."); Foltz, 2021 WL 3701842, at *4 ("A defendant does not have to look outside the paper to determine the amount in controversy within thirty-days.").

Plaintiff cites Garcia v. Wal-Mart Stores Inc., 207 F. Supp. 3d 1114 (C.D. Cal. 2016) in support of a contrary conclusion. (ECF No. 12 at 7-8 ECF No. 16 at 4.) Garcia is dissimilar because the district court in that case found the defendant failed to show by a preponderance of the evidence the amount in controversy met the CAFA threshold and granted the plaintiffs' motion to remand on that ground. Id. at 1120-26. Garcia is not persuasive as to this case where plaintiff does not challenge defendants' showing for the amount in controversy. See Syria v. AllianceOne Receivables Mgmt., Inc., No. C17-1139 TSZ, 2017 WL 8788045, at *1 (W.D. Wash. Dec. 14, 2017) ("The Garcia Court's discussion about the untimeliness of the defendant's removal was merely dicta, see id. at 1126, and the Court declines to adopt its reasoning.").

Plaintiff also argues defendants failed to provide summary-judgment type evidence in their opposition as to when they determined the case was removable. (ECF No. 16 at 4-5.) The notice of removal itself only required a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold[.]" Dart, 574 U.S. at 89. Evidence establishing the amount required by 28 U.S.C. § 1446(c)(2)(B) is necessary only if the plaintiff contests, or the court questions, defendants' allegation as to the amount. Id.

As noted above, plaintiff's motion to remand does not assert defendants failed to show by a preponderance of the evidence the amount in controversy exceeds $5 million. No summary judgment-type evidence was necessary to plausibly allege the amount in controversy. See Dart, 574 U.S. at 89. Moreover, the court is not trying to determine whether defendants removed within either 30-day period. Thus, defendants were "not required to provide evidence establishing when its investigation revealed that the case was removable." Montes v. Thorntons LLC, 827 F. Supp. 3d 1255, 1263 (N.D. Cal. 2026).

In sum, the court disagrees with plaintiff's argument that removal must occur within 30 days of defendants' determination that a case is removable under CAFA. CAFA cases may be removed "at any time" so long as the two thirty-day periods have not been triggered. See Kenny v. Wal-Mart Stores, Inc., 881 F.3d 786, 791 (9th Cir. 2018); Roth, 720 F.3d at 1125; see also Esparza v. Bigbadtoystore, Inc., No. CV 25-11494-GW-BFMX, 2026 WL 296486, at *2 (C.D. Cal. Feb. 3, 2026) ("While Defendant may have long had knowledge that the putative class size would number in the thousands, Plaintiff has not presented any pleading or other paper from which the amount in controversy may be ascertained."); Sheppard v. Staffmark Inv., LLC, No. 20-CV-05443-BLF, 2020 WL 5593232, at *4 (N.D. Cal. Sept. 18, 2020) ("This Circuit does not require Defendant… to prove that it removed the case within thirty days of its own investigation").

Finally, plaintiff argues this case should be remanded because of the possibility defendants were forum shopping. (ECF No. 16 at 7.) The Ninth Circuit addressed this argument in Roth, 720 F.3d at 1126. The Ninth Circuit noted that, because there is no one-year limitation on removal in CAFA cases pursuant to 28 U.S.C. § 1453(b), it is "at least theoretically possible in a

CAFA case for a defendant to wait until the state court has shown itself ill-disposed to defendant, or until the eve of trial in state court, before filing a notice of removal." Id. at 1126. The Ninth Circuit observed:

> plaintiffs are in a position to protect themselves. If plaintiffs think that their action may be removable and think, further, that the defendant might delay filing a notice of removal until a strategically advantageous moment, they need only provide to the defendant a document from which removability may be ascertained. 28 U.S.C. § 1446(b)(3). Such a document will trigger the thirty-day removal period, during which defendant must either file a notice of removal or lose the right to remove.

Roth, 720 F.3d at 1126. Thus, the court does not find plaintiff's allegations of forum shopping provide a basis for remand. Because the statutory removal periods were not triggered, defendants could remove the CAFA case "at any time." Id. at 1126; Kenny, 881 F.3d at 791.

**IV. Conclusion and Order**

Accordingly, IT IS ORDERED as follows:

1. The hearing set to take place on September 30, 2026, is VACATED.
2. Plaintiff's motion to remand (ECF No. 12) is denied.

Dated: September 23, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 pasq26cv2331.rem